ROBINSON AND McMURRY, USE OF TIERNAN, *vs.* SHEPARD.

A party cannot avail himself of error in the court below, in the giving or refusing of instructions, or the admission of improper evidence, unless he takes his exceptions at the proper time, and in the proper manner.

ERROR to St. Louis Court of Common Pleas.

HUDSON *and* HOLMES, *for Plaintiffs.*·

1. When the plaintiffs' account was allowed by the constituted agents of the company, and a certificate of stock ordered to be issued according to agreement, the refusal of the president to sign and deliver such certificate, being the act of the company, through their agent, was a breach of the original contract between the parties, which gave the plaintiffs the right to have the amount of their demand in money.—Chit. Cont., 112.

2. The evidence given does not show a payment by a delivery of stock, and the verdict was manifestly against the weight of evidence.—Graham on new trials.

3. Upon the evidence the jury could not rationally have doubted the fact that no certificate was issued and delivered to the plaintiff, and the verdict was manifestly against the second instruction of the court.

4. The stock in question never vested in Robinson and McMurray, and at the time Rene Paul commenced his suit, the indebtedness of the company to the plaintiffs was vested in, and the property of, Peter Tiernan, by virtue of the assignment to him; and all the members of the company were, in law, bound to know, Rene Paul among the rest, that such indebtedness, or even the stock, if it were the property of Robinson and McMurray before the assignment, was not liable to be levied upon under Rene Paul's execution.

Primm *and* Taylor, *for Defendant.*

The assignment of errors questions the propriety of the decision of the court overruling the motion for a new trial. In support of that decision we submit the following : —

The verdict of a jury will not be disturbed by the court, unless it appears to have been manifestly against evidence, or the weight of evidence, or unless palpable injustice has been done.—Graham on New Trials, 362, 368; 3 Mo. Rep., 464; 4 Mo. Rep., 295; 7 Mo. Rep., 229; 6 Mo. Rep., 211, 250. Nor a verdict upon conflicting testimony.—7 Mo. Rep., 292, 57.

There was no demand shown by the testimony, on the association or company, for the certificates of stock, and even if there was, and a refusal on the part of the association to issue the same, yet if the same was subsequently issued, levied upon, and sold by virtue of a writ of *fieri facias* against Robinson and McMurray, and this before the commencement of this suit, such levy and sale is a good defence to this action.

The instructions of the court are fully sustained by the evidence, and if the same were not, the plaintiff in error ought not to complain, for the reason that they are most favorable to his cause.—6 Mo. Rep., 279.

The plaintiff in error is improperly in court, for the reason, that the assignment under which Tiernan claims is fraudulent and void.—6 Mo. Rep., 305.

A second new trial will not be granted, unless the party brings himself within the statute.—7 Mo. Rep., 259; 4 Mo. Rep., 86.

Tompkins, *Judge, delivered the opinion of the Court.*

William Robinson and John D. McMurray, sueing to the use of Peter Tiernan, commenced their action against David Shepard, and had a judgment against him for two dollars and twelve cents, to reverse which they come by appeal, into this court.

It appears in evidence, that there was a voluntary association of persons in the city of St. Louis, calling themselves the Concert Hall Company, of which company the defendant, Shepard, was a member. The plaintiffs were mechanics in partnership, and had done some work for the said company.

A balance of $202 12 appeared, on the books of the company, to be due to the plaintiffs, appellants here, and they had agreed to receive in part payment, for their work and labor done, five shares in the Concert Hall building, at forty dollars each share. The appellants called a witness, who testified that the said company had a president, a secretary, and a board of trustees; that the appellants' account against the company was examined and allowed by the board of trustees to the amount aforesaid; that stock in the said company was ordered to be issued to the amount of two hundred dollars to the said appellants. The witness was at that time secretary to the company, and immediately made out the certificates of stock, but stated that Rene Paul, the president, refused to sign the certificates, alleging that the plaintiffs were indebted to him, and that he intended to stop the funds in the hands of the company for his own use.

The appellants then gave in evidence an instrument of writing, by which it appeared, that on the 5th day of February, 1840, they had assigned to Peter Tiernan, for whose use this suit was instituted, all their property, &c., for certain purposes therein mentioned.

The defendant, appellee, gave in evidence a transcript from the docket of a justice of the peace, by which it appeared, that on the 12th day of June, 1840, said Rene Paul commenced suit in said justice's court against the appellants, Robinson & McMurray, on a note made by them to him for $90. The judgment of the justice being for the appellants, Paul appealed to the Court of Common Pleas, where he obtained a judgment, on which an execution was issued, and the stock of the appellants in the Concert Hall company was sold.

The court then, of its own accord, instructed the jury, that if they believe that the stock was not, in fact, issued and delivered to the plaintiffs, but was obtained only for the purpose of being levied, without the knowledge of the plaintiffs, and that the issuing of the stock according to contract was refused, they must find for the plaintiffs, appellants here.

A second instruction, to the same purpose, was given by the court. The appellants took no exceptions, either to the instructions given, or to the evidence in the cause. They moved for a new trial because the verdict was against evidence, and the jury found against the instructions of the court, and also because erroneous instructions were given by the court.

If the counsel of the plaintiffs had believed the instructions given by the court to be erroneous, he should have taken his exceptions; but the instructions given by the court appear to be as favorable to the plaintiffs, appellants here, as they could have been given, consistently with the evidence in the cause; and the finding of the jury, being two dollars and twelve cents for the appellants, the balance of their account against the association, called Concert Hall Company, after deducting the amount of the five shares sold under Paul's execution, is, it seems, well sustained by the evidence in the cause.

The judgment of the Court of Common Pleas is affirmed.