A. R. MOORE ET AL. v. JAMES C. MOORE, EXECUTOR, ET AL.

By the Act of 1840, a person under the age of twenty-one cannot make a will. The heirs-at-law are not estopped from averring the minority of the testator, and consequent nullity of his will, by having dealt with and treated him as of full age, and capable of acting *sui juris*.

APPEAL from Bowie. Tried below before the Hon. William S. Todd.

This suit was brought by the appellants, who, together with some of the appellees, were the heirs-at-law of Richard H. Moore, deceased, to have his will vacated and declared null, and his estate administered and distributed as if no such will had been made, on the ground, among other alleged defects, that the testator was, at the time of his decease, a minor.

The appellees, in their answer, alleged, that the said Richard H. Moore was not, at the time of his death, a minor; and, also, that the plaintiffs were estopped from an inquiry into the minority or majority of the said testator, from the fact that they and the said testator were descendants of Charles Moore, who departed this life in 1852, testate; and that afterwards, on the —— day of ——, 1852, all of those interested in the estate of the said Charles Moore, deceased, among whom was the said Richard H. Moore, met together and agreed that the last will

of said Charles Moore should be, by consent, destroyed, and his estate equally partitioned among his heirs-at-law; and that the said estate was, in this manner, partitioned and distributed among the heirs, and that the said Richard H. Moore, at that time, received into his possession, with the consent of his brothers and sisters, his portion of his said father's estate, without the assistance or intervention of any next friend, trustee, or guardian; and from that day to the time of his death, kept possession of the said property, disposing of the same by barter and sale, without let or hindrance on the part of the plaintiffs. It was also alleged, that several of the plaintiffs had, on different occasions, dealt with the said Richard H. Moore, in reference to his property, as a man of lawful age.

The plaintiffs moved to strike out the defendants' plea of estoppel, but the court refused to do so, and upon the trial, charged the jury, in substance, that if the facts were as alleged in the plea, the plaintiffs were estopped from denying the majority of Richard H. Moore, deceased.

There was a verdict and judgment for the defendants, from which the plaintiffs appealed.

*W. P. Hill,* for the appellants.

*John T. Mills,* for the appellees, in relation to the estoppel, as made out by the facts in this case, cited Stephens v. Baird, 9 Cowen, 274; Davys v. Field, 4 Metcalf, 384; Presbyterian Church v. Williams, 9 Wend. 147; and the authorities cited in Hare & Wallace's notes to 2 Smith's Leading Cases, 642.

WHEELER, C. J.—It is not questioned that, by the Act of 1840, a person under the age of twenty-one, is incapable of making a will. (Hart. Dig., Art. 3252.) If, therefore, the testator was a minor, as alleged, the will was void for the want of capacity to make it.

But the court held that, though the will might be void for this cause, yet the plaintiffs were estopped from averring the minority

of the testator, and the consequent nullity of the will, by reason of their having assented to his receiving his distributive portion of his father's estate, and because they had dealt with and treated him as a person of full age, and capable of acting *sui juris*. In this we think the court erred. We see nothing in the acts of the plaintiffs to create an estoppel upon them to aver the truth as respects the age of the testator, and are of opinion that the doctrine of estoppel has no application to the case. This opinion will require that the judgment be reversed and the cause remanded for further proceedings.

Reversed and remanded.