## W. G. VEAL ET AL. v. B. F. FORTSON AND WIFE.

(Case No. 1289.)

1. SUIT BY HEIR — WHEN MAINTAINABLE, AND HOW OBJECTED TO.— The objection that the petition of one who sues as heir does not show that there was no administration, and no necessity for administration, cannot be taken by a motion in arrest of judgment; nor is such objection, if properly taken, valid, when the object of the suit is to cancel the conveyance or unauthorized will of the deceased.

2. VOLUNTARY CONVEYANCE BY MINOR — VOIDABLE BY WHOM.— A conveyance by a minor made without consideration may be avoided by the sole heir of the minor, the latter having died before becoming of age.

3. CONVEYANCE — WHEN A WILL — UNDUE INFLUENCE — GUARDIAN.— It is good ground to cancel a conveyance by a minor, that it was not to take effect until the minor's death, or that it was procured by the undue influence of her guardian.

4. APPELLANT — PRACTICE IN APPELLATE COURT.— One who, by the order of the county court, was awarded relief embraced in his prayer, and on appeal to the district court was awarded the same relief, but in an enlarged degree, cannot in the supreme court complain of these orders.

5. DEATH OF WARD — EFFECT OF, ON JURISDICTION — SETTLEMENT OF ACCOUNTS OF GUARDIAN.— The death of the ward does not deprive the county court of jurisdiction to settle the guardian's accounts.

6. APPEAL FROM COUNTY COURT — EFFECT OF CONSOLIDATION OF WITH ORIGINAL SUIT.— Where a case appealed from the county to the district court, and an original suit between the same parties, are by agreement consolidated and heard together, the district court has jurisdiction to make such order as the county court might have made, as well as to adjudicate the questions at issue in the suit originally instituted in that court.

APPEAL from Anderson. Tried below before the Hon. Peyton F. Edwards.

Earle E. Cravens was a minor, whose guardianship was pending in the county court of Anderson county, and Geo. F. Alford was her regular guardian. In her twentieth year, while the guardianship was still pending, she made a deed conveying to W. G. Veal all her lands except four tracts, and at the same time executed another written instrument directing Veal to convey the lands to certain persons therein named. The wife of Geo. F. Alford was one of these persons. So also were Grace and Geo. W. Cravens, colored persons, old family servants. There were a number of others, amongst them the children of her sister, Mrs. Fortson. Earle died a few days after this, without having arrived at her majority. The guardian soon thereafter filed his final account and report, as required by law, reciting, amongst other things, that Earle had executed the conveyance and written instrument above mentioned. Appellees, claiming Mary P. Fortson to be the only heir and legal representative of Earle, contested the report, and the court sustained objections to so much of it " as states that

the said Earle E. Cravens during her life-time had conveyed said lands " to Veal; the deed was disapproved by the county court, and Alford appealed to the district court. Pending that appeal, appellees filed their original suit in the district court against Veal and others to set aside the deed to Veal and the conveyances he had made by virtue thereof, on the ground that it was a nullity by reason of Earle's minority, and that she was induced to make the same by the fraud and undue influence of her guardian. The two cases, involving the same subject matter, were consolidated by consent.

The following are extracts from the charge of the court: "If, under the testimony, you find that at the time of the execution of said conveyance to Veal said Earle Cravens was not twenty-one years of age, and was unmarried, and died afterwards before she was twenty-one years old, and that said conveyances and the accompanying instrument directing Veal to convey the property to others were donations or gifts, and not sales by Earle Cravens for a money or valuable price, and also find that said Mary Fortson is the sole heir at law of said Earle Cravens, you will find that the said conveyances are void, and as these facts are not disputed by any testimony, you will find for the plaintiffs." The charge instructed the jury to proceed further and find specially on the issues: 1st. Whether said deed and instrument were intended to take effect at once, or only after the death of Earle Cravens. 2d. Was said conveyance executed under undue influence from Geo. F. Alford? On the latter issue the court charged: "It is a badge of fraud or undue influence for the minor ward, who is at the time a member of the guardian's family, to convey property directly or indirectly to the wife or children of the guardian, and nothing but the clearest and plainest proof that such conveyance was made without the wish or participation of the guardian, would sustain such a conveyance." The jury found a general verdict for plaintiffs, and also found on the special issues, that the conveyance was not to take effect until the death of Earle Cravens, and also that it was procured by the undue influence of Alford.

The testimony of the notary who took the acknowledgment of Earle Cravens to the conveyance to Veal and the accompanying instrument, is that she directed him to hold the deed until she got well, or in case of her death to hand it to W. G. Veal or Geo. F. Alford, and after her death he handed it to Alford. She said that she thus disposed of her property because she did not wish her brother-in-law, B. F. Fortson, to have any of it, because he had not

treated her as he ought to have done. The testimony of the attending physician who signed the deed as a witness is, that she was at the time dangerously ill. Veal proved that the conveyance was without consideration and that he had no interest in the lands.

The nature of the evidence bearing on the other special issue may be gathered from the statements in the briefs of counsel.

The judgment of the court vacated the conveyance to Veal, and in other respects followed the order made by the county court, ascertaining the balance due Alford as guardian, and otherwise due by the estate, and authorizing the guardian, in turning over the property to Mrs. Fortson, the sole heir, to retain seven specified tracts of land, subject to the further order of the county court, or until settlement of all claims against the estate. The judgment of the county court for the sale of lands had been asked by the guardian, and that court had allowed him to retain four tracts of land, subject, etc., instead of seven. This appeal was prosecuted by Geo. W. Alford, and by Grace and Geo. Washington Cravens.

*T. J. Williams*, for appellant.

I. If Earle E. Cravens died while a minor under guardianship, leaving an estate incumbered with debt, an administration on said estate was necessary to pay said indebtedness, and such administration will be presumed in law, unless it be alleged and proved that the heir at law claiming said estate has tendered and paid off such indebtedness, and that administration is unnecessary. See R. S., arts. 2682*b*, 2696, and the general laws of administration of estates of decedents.

II. If there was administration on Earle's estate pending, the administrator was the legal representative thereof, and he ought, if any one, to have the legal right to attack her deed to Veal on the ground of her minority.

III. The contract or conveyance of a minor is voidable only, and not void, and neither the minor nor any one else for him can attack such conveyance until after the minor arrives at majority. If the minor dies before majority, the conveyance becomes absolute, except in some cases of fraud and undue influence, and as to creditors, where the conveyance was a gift without a money or valuable consideration. The heir at law of such minor cannot attack such conveyance except for fraud and undue influence. 8 Tex., 81; 17 Tex., 341, 417; 2 Kent, 12th ed., p. 233.

IV. The conveyance of a minor can be attacked by the minor after majority only upon the grounds that said conveyance was

injurious to the minor's interest, and the consideration must be returned. If the minor died a few days after executing the conveyance, the conveyance could not injuriously affect the personal interest of said minor at majority, in the estate conveyed, and the heir at law of said minor could not attack such conveyance on the ground of the minority.

V. The guardian, Geo. F. Alford, was required to act in good faith with his ward, Earle E. Cravens, but he was not required by law to prohibit her from making the deed to Veal; and if he, at her repeated and earnest solicitations, acting in good faith, merely aided her in carrying out her wishes in regard to her property, without in any manner using his influence to induce her to make the conveyance, he was guilty of no fraud or undue influence. His private "wishes," or mere "participation" in the transaction, could not affect the conveyance.

VI. If the deed from Earle to Veal was in other respects a valid and binding conveyance, the mere fact that it was or may have been intended to take effect upon the happening of some future event — as that of her death — did not of itself invalidate the deed, and the conveyance would have been perfected upon the happening of that event. R. S., art. 556.

VII. If the ward dies before arriving at majority, the guardianship shall be immediately closed, and the guardian is required to make a final report therefor, and the estate shall be turned over to the administrator or other person entitled to it. The guardian cannot proceed under his guardianship to administer on the estate for the purpose of selling lands to pay the debts, nor can the court order sales therefor, in said proceeding. If there are debts, a proper, separate and distinct administration must be had in the county court having jurisdiction. See R. S., art. 2682 *et seq.*, and the statutes for administration of estates, etc.

VIII. There is a fundamental error in that portion of the judgment of the district court which reads as follows: "It is further ordered and decreed by the court, that the exceptions of appellant Geo. F. Alford to the objections of Mary P. Fortson and her husband, Benjamin F. Fortson, contestants to the final report and exhibit of said Alford as guardian of the said Earle E. Cravens, in the county court of Anderson county, be overruled, and that the objections of said Fortson and wife to said report and exhibit be sustained as to so much thereof as states that the said Earle E. Cravens during her life-time had conveyed the above described tracts of land to the defendant W. G. Veal." And in that portion following:

"And that said plaintiffs do have and recover of the defendant Geo. F. Alford the costs of the district court in and about the appeal from the county court expended."

IX. The deed from Earle to Veal was voidable only, and not void, and the county court had no jurisdiction to pass upon its validity or to set it aside, and should have discharged the said guardian if the statements of his report were found to be true, leaving the heir at law to her remedy in the district court having jurisdiction of the subject matter. The district court, on appeal from the county court, will not adjudicate matters that the county court had no jurisdiction over. See Const., art. V, secs. 8 and 16; R. S., art. 2682.

*R. S. Reeves*, for appellees.

I. Appellees assert the sufficiency of their petition, and deny that the court overruled or took any action on the defendants' exceptions to plaintiffs' petition.

II. If administration on the estate of Earle E. Cravens was necessary it should have been pleaded, and was not a ground to arrest the judgment. But appellees (plaintiffs) maintain that they were entitled to said estate and had authority to bring the suit, without administration on said estate. Lacy *v.* Williams, 8 Tex., 182; Giddings *v.* Steele, 28 Tex., 748; Rogers *v.* Kennard, 54 Tex., 36; R. S., art. 2618, ch. 18, Final Settlement; art. 2682, and following articles; arts. 2688, 2689, 2572, 2590 to 2594, 2477, 2105, 2107, 2135, 2136, 2142–3; Means *v.* Robinson, 7 Tex., 513; Wright *v.* Doherty, 50 Tex., 34; Yerby *v.* Hill, 16 Tex., 381; Sayles' Treatise, sec. 98; 1 Par. on Con., pp. 329, 330; Title 99, on Will, R. S., art. 4857; Moore *v.* Moore, 23 Tex., 637.

III. Earle E. Cravens, being a minor and under guardianship, her conveyance to W. G. Veal was void, and not merely voidable, and such conveyance did not become absolute by reason of her death during her minority, and the appellees as her heirs at law were entitled to bring this suit.

.   .   . IV. The court did not err in decreeing that Alford should retain in his hands a sufficient quantity of land to pay the claims against the estate, and that he should deliver the balance of the estate to appellants Fortson and wife. The decree of the court was made on Alford's application to sell land for the payment of the claims. The appellees Fortson and wife made themselves parties to the proceedings in the county court, and claiming the estate of Earle Cravens, after payment of said claims, objected to so much of Al-

ford's exhibit as related to her sale to W. G. Veal and Alford's explanation of the sale. The court decreed that appellee Mary Fortson was heir at law of Earle E. Cravens, and entitled to her estate after payment of the claims against it. The district court made a like decree, setting aside the conveyances as clouds on appellees' title. Fortson and wife offered to pay the claims. The claims amounted to $1,615.96, of which sum more than $1,000 were claimed and allowed as commissions to Alford, and the balance was for claims either paid by him, or for expenses and costs of the guardianship, as shown by his report and the decrees of the court as above referred to. R. S., arts. 2469, 2470, 2479. For powers and duties of guardians, see ch. 8, arts. 2540, 2542, 2544; id., ch. 12, pp. 380, 381; also arts. 2594–5, 2688, 2477, 2105, 2107. As to jurisdiction, see Wright v. Doherty, 50 Tex., 42; Murchison v. White, 54 Tex., 83.

GOULD, CHIEF JUSTICE.— The objection that this suit could not be maintained by the heir of Earle Cravens without showing that there was no administration on the estate, and no necessity for administration, does not appear to have been made in any way entitling it to consideration. The record shows no action on the exception to the petition, and motion in arrest of judgment was not the proper mode of presenting such a question. But even had the question been properly made, we are of opinion that a suit of this character was maintainable by the heir. The cases cited by appellee are precedents for so doing. Moore v. Moore, 23 Tex., 637. The reasons which exist for requiring the heir, who sues to recover a debt due his ancestor, or to recover personal property, to negative the existence and the necessity of administration, do not apply when the object of the suit is to cancel a conveyance of real estate by that ancestor, or to vacate his unauthorized will.

2. We find it unnecessary to inquire whether the court erred in charging the jury, in effect, that if the conveyance by the minor was without consideration it was void, and to find for plaintiffs. Whether the conveyance was void or not, it was, at all events, voidable by the heir. The authorities are ample that the right to avoid such conveyances may be exercised by the privies in blood of the minor. Tyler on Infancy, 59, and authorities there cited; Bac. Abr., "Infancy," 6; Austin v. Charlestown, 8 Met., 196; Breckinridge's Heirs v. Ormsby, 1 J. J. Marsh. (Ky.), 236; Hoyle v. Stowe, 2 Dev. & Bat., secs. 322–3; Parsons v. Hill, 8 Mo., 136; Jefford's Adm'r v. Ringold & Co., 6 Ala. (N. S.), 547; Schouler on Domestic Relations, 535. As the plaintiff, the sole heir of Earle Cravens, had the right to avoid her conveyance made without consideration, it is

not material to decide whether the conveyance was absolutely void or not. In either event the verdict must have been for the plaintiff.

3. But the jury found that the deed was not to take effect until the death of Earle Cravens, and they found also that the deed was procured by the undue influence of the guardian, Alford. In our opinion the evidence is ample to support each of these findings, and either of these grounds was sufficient to entitle plaintiff to have the conveyance cancelled. These questions having been fairly submitted to the jury, their verdict is conclusive of the merits of the case. The statute of wills cannot be evaded by giving the will the form of a deed to take effect on the death of the party. Millican v. Millican, 24 Tex., 426; Carlton v. Cameron, 54 Tex., 77.

4. It is claimed that the court erred in ordering seven tracts of land to be retained by the guardian and the balance to be turned over to the plaintiff. It must be recollected that one branch of the case is an appeal from an order of the county court, and that the guardian had asked of the county court an order that he retain four tracts of land. It is not perceived that he can complain because the district court on appeal allowed him to retain seven instead of four tracts of land. Notwithstanding the death of the ward, the county court, or, on appeal from the county court, the district court, had authority to settle the accounts of the guardian. No administration on the ward's estate was necessary, and in such case there is authority for the court to order the estate turned over to the heir. See Berry v. Young, 15 Tex., 369. However, in this case the court made no order for the sale of any of the land, and no question as to its power to do so is before us.

5. It is true that the county court had no jurisdiction to finally adjudicate the question of the validity of the conveyance, but it had authority, in settling the guardianship, to determine whether the guardian should account for the land conveyed or not. The district court entertaining this case not only on appeal from the county court, but as an original proceeding to cancel the deed, had full jurisdiction to make not only the order which the county court might have made, but to determine finally the question of the validity of the conveyance. That question embraced the real controversy, and was rightly decided in the district court. After examining the various errors assigned by appellants, our conclusion is that no error was committed by the court below entitling them to have the judgment reversed, and it is accordingly ordered that it be affirmed.

AFFIRMED.

[Opinion delivered October 10, 1882.]