[Opinion adopted April 18, 1884.]

---

## C. BOMBARGER v. D. H. MORROW.

(Case No. 5090.)

1. DEED — CONSTRUCTION OF LIFE ESTATE.— A deed of gift made by a parent to his children and their heirs for the consideration of natural love and affection, contained a warranty of title, but a reservation in the following language: "hereby expressly reserving to myself the right to manage and control said land and premises, and have, enjoy and dispose of the occu-

pancy, rents and profits of said land and premises for and during my nat-ural life." *Held*, 1. That the deed conveyed to the heirs an estate in remainder, to take effect on the death of the grantor, in whom the deed preserved a life estate. 2. The possession of such land by the grantees dur-ing the life of the father must be regarded as in harmony with the deed, and will be presumed to be the possession of the grantor, and no limitation will run in their favor.

2. PAROL EVIDENCE.— A parol agreement contemporaneous with the execution of a deed inconsistent with its provisions is not admissible in evidence.

APPEAL from Fannin. Tried below before the Hon. R. R. Gaines.

This suit was brought by the appellee Morrow, in trespass to try title, who showed a regular chain of title from the sovereignty of the soil. The defendants were C. Bombarger and his children. The father, whose deed is construed in the opinion, disclaimed all interest. The other defendants relied on the statute of limitation, and possession under the deed from the father. They sought to show a verbal understanding, when the deed was made, that the reservation to the grantor contained in it had reference only to the "home place" and not to other portions of the land conveyed by the deed. This evidence was excluded.

*Hale & Scott*, for appellants.

No briefs on file for appellee.

WILLIE, CHIEF JUSTICE.— The only questions in this case arise upon the deed of C. Bombarger to his co-defendants, which was put in evidence to sustain the defense of limitations under the five years' statute, pleaded by the appellees in bar of the plaintiff's action. This deed purported to be a conveyance from C. Bombarger to the appellants, one of whom was his wife and the others his children. It was a deed of gift for the consideration of natural love and affec-tion, and conveyed not only the land in controversy, but several other tracts. Immediately preceding the attestation clause it con-tained these words: "Hereby reserving to myself the right to manage and control said land and premises, and have, enjoy and dispose of the occupancy, rents and profits of said land and premises for and during my natural life."

This deed being in evidence, the defendants offered to prove by one of the grantees that the above reservation was not intended to apply to the land sued for, but to another place or tract mentioned in the deed. The court refused to hear the evidence, and to this ruling a bill of exceptions was reserved, and it is made the ground of one of the assignments of error.

The cause having been submitted to the judge upon the law and the facts, he gave judgment for the plaintiff for a recovery of the land. In rendering this judgment the judge must have held that the deed in evidence was not such a one as would satisfy the statute of limitations, for he found that there was sufficient proof that the defendants had held peaceable and adverse possession of the land as against the plaintiff for more than five years, cultivating, using and enjoying the same and paying taxes thereon.

The ruling of the court as to the deed is the basis of the only other error assigned, and we will consider it first.

The effect of the reservation in the deed was to keep and preserve in the grantee a life estate and convey an estate in remainder, to take effect upon his death, in the grantees named in the instrument.

This is the clear import of the language of the deed, for it reserves from the grantees and to the grantor all the usual rights accompanying the ownership of land, possession, occupancy, management and control, power to dispose of the occupancy, *i. e.*, to lease it to others, and to receive all the rents which might accrue from such leasing or otherwise. These are the rights usually accompanying title, and being reserved for the term of the grantor's life, the title is preserved in him for that period of time. Richardson *v.* York, 14 Maine, 216; Webster *v.* Webster, 33 N. H., 22.

The question is, Can a remainderman prescribe under our five years' statute of limitations by reason of the possession of the tenant of the particular estate who does not himself claim under a recorded deed?

The question is thus stated because it is apparent that Christopher Bombarger does not hold under the deed. The life estate did not vest in him by the words of conveyance contained in the deed, but by the reservation which prevented it from passing under the deed.

We have, then, a case where land is claimed under limitation by parties holding the remainder under deed, the particular estate being held without any conveyance whatever.

Our statute is to the effect that possession must be claimed and held under deed duly recorded. The object is to give notice of the title under which the possession is claimed, and to show that it is adverse. The deed must be such as would, on its face, vest the right of possession in the party claiming under it. The bar of the statute will not be prevented because the deed is inoperative by reason of extraneous circumstances. Fry *v.* Baker, 59 Tex., 404.

But if, looking to the terms of the deed alone, no right of pos-

session can be claimed under it by the grantee, then it cannot set the statute in motion for his benefit.

Now it is clear that the remainderman has no right, by reason of his being the owner of such an interest, to take the property into possession during the existence of the estate of the tenant for life.

The possession of the life tenant, whilst it is not in apposition to the right of the remainderman, is independent of it. It might inure to the benefit of the latter in a proper case, even to availing him under the plea of limitation. But this can only be when the life tenant was himself holding under deed, duly registered, made to him or to those under whom he claims title, which is not the case here.

Perhaps if A. conveyed to B. for life, with remainder to C., and B. went into possession and complied otherwise with the statute of limitations of five years, this might inure to C.'s benefit. But we are not called upon to decide that state of case, and whatever might be the law applicable to it, it cannot be extended to the one now before us.

. Here, as we have seen, C. Bombarger, the particular tenant, did not claim under a deed. The deed did not convey to him the life estate, but conveyed to others all but the life estate, which was left in the grantor. Hence he was in occupancy, but not under deed; and the other defendants, whilst they had a deed which entitled them to possession *in futuro*, had no right of present occupancy under it. They were living on the land, to all appearances, with C. Bombarger as part of his family, one being his wife and the others his minor children.

The possession must be referred to the recorded deed and be in harmony with it. Being so, it was the possession of C. Bombarger, or with his permission and in subordination to his right, and not under an instrument which did not authorize it in law; and it mattered not what the wife and children supposed as to the tenure by which they occupied the land.

The injustice of any other construction is well illustrated by this case. Here a man whose wife and minor children are living with him conveys to them a tract of land, reserving to himself a life estate, with the right, use and occupancy of it till his death, and the deed is recorded. In accordance with his reserved right he does occupy it with his wife and children, who constitute his family. To the world he seems to hold it just as is provided in the reservation. Yet as against the true owner it is claimed that such possession must be referred to the estate in remainder that the wife and chil-

dren have in the property by virtue of which they have no right to its possession. That is, it must be presumed that they hold it against the deed instead of under it, in order to deprive the owner of his property, and that he must act upon that presumption. We cannot so interpret the statute and allow such a defense to prevail.

We do not think there was error in refusing to admit the testimony offered by appellants. To admit proof of a secret understanding between the parties to the deed, or to allow a mistake in its terms, known to them alone, to be corrected, when it would convert it into an instrument that would have availed the parties under the statute of limitations as against the plaintiff, he having no knowledge but that it evidenced their true intention upon its face, would be to do away with the main requirement by which the statute protects the true owner from losing his land by the fraudulent possession of a mere intruder. Deeds not purporting to show any connection between the title on record and the possession of the trespasser could be converted into instruments perfect in such respects, and the owner of land deprived of his property without any knowledge that a claim could possibly be set up to it under the law of limitation. Such evidence was wholly inadmissible and was properly rejected. The judgment is affirmed.

AFFIRMED.

[Opinion delivered April 25, 1884.]