No. 2366.

## H. FULLER *v.* MARY J. O'NEIL.

1. TRUSTS—POWER OF TRUSTEES TO SELL.—When a sale of land is made by an agent of a trustee, and there is nothing in the deed of trust authorizing the trustee to appoint an agent to make the sale for him, no title passes.
2. SAME.—A trustee empowered to sell on non-payment of the debt to secure which the trust is created, can no more appoint an agent to sell for him than he can make the sale at a time or place, or for a character of consideration different from that authorized in the deed of trust.
3. EQUITY.—If one who is sued for title to land has equities which entitle him to demand payment of a debt before surrendering possession, he should. set them up in his answer. He is not entitled to such affirmative relief under the plea of not guilty.
4. CASE DISTINGUISHED. —This case distinguished from that of a mortgagor who seeks to recover property of the mortgagee rightfully in possession under a deed absolute on its face. There, the burden of showing payment of the debt is on the plaintiff, and he must do so as against the plea of not guilty.

APPEAL from Van Zandt. Tried below before the Hon. Felix J. McCord.

*Leake & Henry,* and *Kilgore, Lively & Kilgore,* for appellant: On their proposition, that a trustee, after determining in his own judgment and discretion what is necessary to be done, may authorize another to perform the ministerial act necessary to carry into effect the purposes of his trust; and that the deed of trust and the trustee's deed to Fuller vested the legal title to the estate in the appellant; and appellee's cause of action, if any she had, was in equity, and she could not recover without doing equity by paying off the mortgage debt, cited Duty v. Graham, 12 Texas, 427; Jacobs v. McClintock, 53 Texas, 80; Cook v. Bremond, 27 Texas, 457; Reece v. Allen, 10 Illinois, 239; Graham v. Anderson, 42 Illinois, 515, 516; 2 Washburn on Real Property, page 78; Fogerty v. Sawyer, 23 California, 570.

*J. C. Kearby* and *Kearby & McChesney,* for appellee.

WILLIE, CHIEF JUSTICE. This was an action of trespass to try

title, brought by Mrs. O'Neal to recover of Fuller a lot of ground and the improvements thereon, in the town of Wills Point. To this action defendant pleaded a demurrer and not guilty. The plaintiff proved title in herself, and the defendant attempted to deraign title from her and her husband through a deed of trust executed by them to W. A. Williams, to secure a debt due from them to defendant, and a sale under said deed at which defendant became the purchaser.

When the deed from the trustee to Fuller was offered in evidence, it was objected to on the ground that, by its own recitals, it showed that the trust sale was not made by the trustee named in the deed, but by another person purporting to act as the agent of the trustee, and for other reasons not necessary to mention. The objections were sustained by the court. A judgment having been rendered for Mrs. O'Neal, the defendant appealed, assigning no other error except the ruling of the court upon the admissibility of the deed. This ruling involves the question as to whether a sale by an agent appointed by such a trustee passes a good title in the property sold to the purchaser, when there is nothing on the face of the trust deed that authorizes the trustee to appoint an agent to make the sale for him. There was no such authority contained in this deed, and the trustee was absent when the sale was made. The office of trustee is one of personal confidence, and can not be delegated, unless authority so to do is expressly granted in the instrument from which he derives his powers. The course marked out for the trustee to pursue must be strictly followed by him, for the method of enforcing the collection through such deeds is a harsh one.

The grantor of the power is entitled to have his directions obeyed, to have the proper notice of sale given, to have it to take place at the time and place and by the person appointed by him. He gives these directions because he thinks that a sale made by the person selected, and under the circumstances stated, will be to his interest and make his property produce the largest amount of money. Of the prescribed conditions, none is more important than that which requires that the trustee shall in person make the sale. He is chosen because of the confidence the grantor has in his integrity and discretion. The trustee, in making the sale, and during the time the property is under the hammer, is expected to protect the interests of the grantor, to see that no fraud is practiced detrimental to his interests, and that no improper bid is accepted, and that the property is not knocked off without

giving fair opportunity for it to bring its reasonable value. Perhaps the agent selected by the trustee to attend to this important matter is not one to whom the grantor himself would have entrusted it. He has reposed confidence in the party selected by him, and that confidence can not be transferred without his consent. The trustee can no more absent himself whilst the sale is going on than he can make it at a time or a place or for a character of consideration different from that authorized in the deed. These views are so well supported by authority that it is unnecessary to further elaborate them. (Perry on Trusts, secs. 402, 499, 602m, 602x, 779, 780; Graham v. King, 50 Missouri, 22; Boles v. Perry, 51 Id., 451; Hill on Trustees, 175; Powell v. Tuttle, 3 Comstock, 497.

The act thus performed is not merely ministerial, such as is performed by a crier when the trustee is present directing and superintending the sale; but it requires an exercise of judgment and discretion in the matters mentioned, as well as in others. The failure to perform it is not such a defect in the execution of a power as will be aided by a court of equity. A court of equity will hardly interfere in case of a trust created for the purpose of securing a debt, to assist the trustee in executing the powers conferred upon him, in a manner substantially and materially different from the mode prescribed by the grantor, and when his failure to obey the wishes of the grantor might have resulted in injury to the latter. The power was not in this respect directory, but of the strictest character, and can be exercised only under the circumstances prescribed in the instrument by which it is created.

It is said that the present instrument does not positively prescribe that the sale shall be made by Williams in person. No other meaning can be drawn from its language. It says that he shall advertise the sale to take place in the town of Wills Point, and shall execute deeds to the purchasers. No one else is authorized to make the sale. Williams is the only person who is clothed with any powers whatever in reference to the sale of the property, and it is clearly contemplated that he shall execute them.

It is also claimed that the legal title to the property was, by the deed, vested in Williams, and that Mrs. O'Neal's remedy is in equity, and that she can not recover without doing equity by tendering the debt secured by the deed of trust.

It is now well settled by our decisions that the mortgagee or

grantor of a trust like the present, holds the title to the land, i. e. the full title, legal and equitable, subject to the lien created by the instrument for the payment of the debt it is given to redeem. It is not an open question, and need not be discussed. (Duty v. Graham, 12 Texas, 427; Mills v. Traylor, 30 Texas, 11.) If, however, the appellant had equities which entitled him to require the plaintiff to pay his debt before recovering the property, he should have set them up in his answer. He was not entitled to such affirmative relief under the plea of not guilty. Under this plea a defendant may introduce anything applicable to the action of trespass to try title to defeat the title of his adversary; but "if he wishes to assert an independent, equitable right not involved in the issue as to title directly in controversy, he should present the facts by proper averments." (Ayres v. Dupree, 27 Texas, 604; Rippetoe v. Dwyer, 49 Texas, 506.)

To ask that the plaintiff be required to pay the debt which purported to be extinguished by the trust sale, was to invoke the equitable power of the court for the relief of defendant. This could be done in an action of trespass to try title under our system of procedure, but not under the plea of not guilty, as it did not defeat the right of the plaintiff to recover, but admitted it subject to the adjustment of equities between the parties. It is unlike the case of a mortgagor who seeks to recover property of the mortgagee rightfully in possession under a deed absolute upon its face. Then the burden of showing payment of the debt is upon the plaintiff, and he must do so as against the plea of not guilty, as under that plea the defendant has shown an apparently good title. Here the defendant sets up a deed void upon its face, which does not defeat the action and does not entitle him to possession and has no right to relief on the face of his title proper, and can obtain it only by a prayer that the plaintiff be required to pay his debt before recovering the property. We think that in the state of the pleading the deed was correctly ruled out, and the judgment is affirmed.

*Affirmed.*

Opinion delivered December 15, 1887.