## LAURA E. MATTHEWS v. GEORGE D. MOSES.

### Decided June 7, 1899.

1. **Trespass to Try Title—Relief Denied Under Plea of Not Guilty.**

Where, in trespass to try title, the defendant pleads only the general issue of not guilty, he will be denied the right to have a warranty deed under which plaintiff claims title reformed or canceled upon evidence showing that it was intended to be a will, since this would involve affirmative equitable relief such as must be pleaded.

2. **Deed May Take Effect in Future.**

A conveyance by deed to take effect after the death of the grantor, with an agree-

ment outside of it that the grantor is to have possession of the premises during her life, is authorized by the statute, and is not a testamentary instrument. Rev. Stats., art. 632.

APPEAL from Bexar. Tried below before Hon. J. L. CAMP.

*E. D. Henry* and *J. F. Onion,* for appellant.

*Swearingen & Brooks,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellant, a minor, through her next friend, A. Matthews, instituted this suit in trespass to try title to recover certain land of George D. Moses, who answered by general denial and a plea of not guilty. The court rendered judgment for appellee.

Emily Thorogood, deceased, was the common source. Appellant claimed the land through the following instrument:

"Know all men by these presents: That I, Emily Thorogood, of the county of Bexar and State of Texas, in consideration of one dollar and love and affection, have granted, sold, and conveyed, and by these presents do grant, sell, and convey unto the said Laura Elizabeth Mathews, minor, of the county of Bexar and State of Texas, all that certain tract or parcel of land lying and being in the county of Bexar, State of Texas, and in the city of San Antonio, Texas, being the southwest fourth of lot one in block eleven, and bounded as follows: south 25 feet by North Center Street; west 100 feet by Plum Street; on the north 25 feet by the N. W. fourth of lot No. one, and east 100 feet by propery owned by Henry O'Neil, according to survey made by Louis Giraud, city surveyor.

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said Laura Elizabeth Mathews, minor, her heirs and assigns forever. And I do hereby bind myself, my heirs, executors, and administrators to warrant and forever defend, all and singular, the said premises unto the said Laura Elizabeth Mathews, minor, her heirs, and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof."

Appellee claimed through a later deed made to him by Emily Thorogood.

Over the objection of appellant the court permitted testimony to be introduced to the affect that Emily Thorogood was to live on the place until she died, and upon the evidence so introduced the court held the instrument to be testamentary in its character, and that it was revoked by the act of Emily Thorogood in making the deed to appellee.

The relief sought by appellant by the testimony was the reformation or cancellation of an instrument which on its face was a warranty deed, by showing that it was intended to be a will, and of course revocable at the will and pleasure of the testatrix. This relief sought was an equitable one, and it has been the settled law in Texas for many years that a defendant can not obtain affirmative equitable relief under the plea of not

guilty. "Under this plea a defendant may introduce anything applicable to the action of trespass to try title to defeat the title of his adversary; but if he wishes to assert an independent equitable right not involved in the issue as to title directly in controversy, he should present the facts by proper averments." Ayres v. Dupree, 27 Texas, 604; Rippetoe v. Dwyer, 49 Texas, 506; Fuller v. O'Neil, 69 Texas, 349.

The deed from Emily Thorogood on its face conveyed to appellant the legal title to the land in controversy, and in the absence of pleadings asking for affirmative equitable relief, evidence was not admissible to show appellee's right to such relief. As the pleadings stood, whoever showed the superior legal title to the land was entitled to a judgment, notwithstanding facts may have existed which, if properly pleaded and proved, would have entitled the opposing party to affirmative relief. Groesbeck v. Crow, 85 Texas, 200.

If the above propositions be correct, all the testimony in regard to the motives that actuated Emily Thorogood in executing the deed, or in regard to any probable fraud or deceit upon the part of A. Matthews, was improperly admitted, and judgment should have been rendered in favor of appellant. But let it be conceded that the evidence was properly admitted, and we do not think the judgment should have been for appellee. All that was established by the proof was, that Emily Thorogood had made a warranty deed conveying the land to appellant, that it had been properly acknowledged, delivered, and recorded, and that there was an indefinite understanding that she was to have the use of the premises during life. Afterwards she sought to cancel the deed already made, and made another to appellee, and it appeared that she charged A. Matthews with deceiving her. If the testimony of Emma Billings, a witness for appellee, be taken as true, Emily Thorogood did not intend by the deed she executed to appellant to make either a will or a deed, but thought she had signed the paper "to get the place back in her own name." The only ground, therefore, as found by the trial judge for declaring the instrument a will was the fact that it had been shown that the instrument "was to take effect only on the death of Emily Thorogood," and judgment was rendered for the appellee because the will had been revoked. If every conveyance of real estate that takes effect after the death of the grantor by that fact becomes testamentary in its character, the judgment of the court would be correct. But such is not the case, for it is declared by statute that "an estate of freehold or inheritance may be made to commence in futuro by deed or conveyance in like manner as by will." Sayles' Stats., art. 632.

In each of the cases cited by appellee there were circumstances which surrounded the execution of the instrument which determined its character. In the case of Crain v. Crain, 17 Texas, 101, and 21 Texas, 798, there was testimony tending to show that no delivery of the deed was made. In the case of Ellison v. Keen, 25 Texas Supplement, 84, the instruments were executed while the grantor was on his deathbed, and it was clearly shown that it was an attempt to evade the law of forced heir-

ship. In the case of Veal v. Fortson, 57 Texas, 482, the instrument was executed by a woman on her deathbed, and her express direction was that it should not be delivered until her death.

In the case of Bombarger v. Morrow, 61 Texas, 417, in the instrument construed, the right to manage, control, and "dispose of the occupancy, rents, and profits of said land and premises, for and during my natural life," was specially reserved, and yet the instrument was held to be a deed. Certainly the facts proved in the case now being considered were no stronger than the language in the deed described in the case last cited. In the case of Chrisman v. Wyatt, 7 Texas Civil Appeals, 40, the instrument contained the following reservation: "But it is hereby expressly understood that I reserve to myself the full ownership and control of the above named premises during my natural life, and that at my death this property belongs to the said J. H. Wyatt. This is the same land which was deeded to my husband, Calvin Wyatt, and his bodily heirs by Stephen C. Rogen and his wife, Josephine C. Rogen, on the 18th day of July, 1860, and is intended as a relinquishment of all my interest in the same, except the ownership and control during my natural life." The instrument had been executed and delivered at the date specified, the only consideration being natural love and affection. It was held to be a deed by the Court of Civil Appeals of the Second district, and a writ of error was refused by the Supreme Court. A similar instrument was held to be a deed in Jenkins v. Adcock, 5 Texas Civil Appeals, 466.

In the case of Lockridge v. McCommon, 90 Texas, 234, an instrument in which the free use and enjoyment, control and possession of the land was reserved during life to the grantors, was held to be a deed and the court said that there was no room for construction of the instrument.

We conclude that the judgment was not authorized by the pleadings or evidence, and it is therefore reversed and judgment here rendered that appellant, Laura E. Matthews, do have and recover of appellee the land described in the petition, and all costs of this and the lower court.

*Reversed and rendered.*

ON MOTION FOR REHEARING.

The case of Carlton v. Cameron, 54 Texas, 72, cited by appellee, is not authority for the proposition that under a plea of not guilty a defendant can assert independent equitable rights. No such question was considered in that case. Neither is that case authority for the proposition that a deed that passes the title to land at delivery, no right being reserved except that of use by the grantor during life, is testamentary in its character. In the instrument construed in the case of Carlton v. Cameron, the title to the estate was specially reserved in the maker of the instrument until after his death. In this case the title passed at once from Emily Thorogood to appellant. The reservation of the use of the property during the life of the grantor did not affect the title, it passed at

once, and could not have been revoked by the grantor, except through the courts in case of fraud or mistake.

The finding of the trial judge that the deed was to take effect after the death of Emily Thorogood is not supported by the statement of facts. The language of the deed and the other evidence shows that it took effect at once. Emily Thorogood showed by her acts that she did not consider it testamentary in its character. She instituted suit to cancel the deed, claiming that it had been obtained by fraud. In the petition asking for a cancellation of the instrument it was alleged: "That A. Matthews and Laura Matthews, father and mother of Laura Elizabeth Matthews, contriving and intending to defraud plaintiff of her property, did fraudulently take advantage of her old age and debility, and by means of false representations and promises to support her during the remainder of her life, and by improper and undue influence, aided by old age as aforesaid, did prevail upon her to execute and acknowledge and deliver to their daughter a deed to her home." When appellant introduced the deed made by Emily Thorogood in evidence, she had presented a prima facie case that could be met alone by proof of fraud in obtaining the deed. There was no pleading upon which appellee could obtain the equitable relief of cancellation of the deed on the ground of fraud. If the instrument could have been attacked and nullified, on the ground of fraud, under a plea of not guilty, there was no evidence of fraud presented in the case. The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.