### JOHNSON et al. v. JOHNSTON et al. (No. 9075.)

(Court of Civil Appeals of Texas. Dallas. March 22, 1924. Rehearing Denied April 26, 1924.)

**1. Specific performance ⬥114(2)—Allegations held to plead agreement to devise land.**

Allegations *held* to plead agreement to devise land in consideration of services and performance of services under agreement.

**2. Specific performance ⬥86—Owner's agreement to devise land in consideration of services specifically enforceable.**

Owner's agreement to devise land in consideration for services to be performed will be specifically enforced on owner's death intestate after performance of the services under the contract.

**3. Specific performance ⬥114(1)—Allegations held to plead enforceable oral agreement to convey land.**

Allegations *held* to plead enforceable oral agreement to convey land in consideration for services to be performed, the performance of such services, and the making of permanent improvements on the land under the agreement.

**4. Trespass to try title ⬥47(3)—Affirmative relief given defendant only under special plea.**

Affirmative relief sought by a defendant in a suit in the form of trespass to try title can only be given in response to a special plea

setting up the grounds made the basis therefor, and not under a plea of not guilty.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Suit by Will Johnston and another against John S. Johnson and another. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

Emmett Thurman and R. D. Hardy, both of Dallas, for appellants.

Ross M. Scott and Muse & Muse, all of Dallas, for appellees.

JONES, C. J. This suit was filed in the district court of Dallas county by appellees, Will Johnston and John Johnston, against appellants, Mamie Johnson and her husband, John S. Johnson, in the form of trespass to try title to and recover the possession of a house and lot located in the city of Dallas, Tex. Appellees claimed the parcel of land by right of inheritance as the sole heirs of their deceased mother, Jane Johnston. There was also a declaration for rents for the occupancy of the premises since the death of their mother, which occurred in June, 1916.

Appellees sued out a writ of sequestration for the purpose of dispossessing appellants pending the litigation, but the premises were replevied by appellants, and they were in possession under their replevin bond at the time of the trial of the case, and have remained in possession of said place ever since said time. To this suit appellants answered by a general demurrer, general denial, plea of not guilty, and plea of the five and ten years' statute of limitation; they also filed a cross-bill under which they sought affirmative relief against appellees. This cross-bill presented two separate and distinct causes of action in two separate counts in their answer. Under the first count they alleged an oral agreement between Jane Johnston and Mamie Johnson upon a valid consideration moving from the said Mamie Johnson to the said Jane Johnston whereby the property in controversy was to be devised to Mamie Johnson on the death of Jane Johnston. The second count alleged a parol agreement for the conveyance of the property in question to Mamie Johnson by Jane Johnston. In each count appellants sought the specific performance of the contracts alleged.

The court sustained exceptions to each of the counts in appellants' cross-action, said special exceptions having the force and effect of a general demurrer to the count against which it was directed. The matters alleged in appellants' answer by way of cross-action constituted both an equitable defense to appellees' suit in trespass to try title and the grounds for the affirmative relief of specific performance. The result of

the ruling of the court on these demurrers was, that the allegations in each count in the cross-bill not only showed that they were insufficient to warrant the affirmative relief prayed for, but did not constitute any valid defense to appellees' suit.

Appellants declining to amend, the case proceeded to trial on appellees' petition for title and possession of the land in controversy and for damages by way of rents on said property, during the time alleged, and upon appellants' answer restricted to the general denial, plea of not guilty, and plea of limitation, and resulted in a judgment in favor of appellees for title and possession of the land and for rents at the rate of $12.50 per month from the 20th day of December, 1916, to the 8th day of February, 1923, the date of the judgment, and against the sureties on the replevy bond. Appellants declined to offer any evidence because of the said ruling of the court on the exceptions, and rested their case on the error of the court in making the said rulings on the exceptions.

[1] The allegations in the first count of appellants' answer, which must be taken as true as against the exception sustained, show that the said Mamie Johnson was born in the year 1879, and was the niece of the said Jané Johnston, the mother of appellees, and that appellees are the only children and heirs at law of the said Jane Johnston. These allegations further show that when Mamie Johnson was about four years of age her mother, the sister of Jane Johnston, died; that she was at once sent into the home of Jane Johnston and her husband by her father, to be taken by them and treated by them as one of their own children; that she was to be reared and educated and in every way treated as a constituent member of the family; that when she was about the age of seven years her father died, and that until the day of the death of the said Jane Johnston, in June, 1916, save for a short period of time in 1900, she remained in the house and home of the said Jane Johnston; that she was sent to school until she passed through the first four primary grades, when her schooling was stopped, and from then on she became virtually a domestic in the family, doing all the household work, such as cooking, washing, ironing, scrubbing, milking, and like duties; that when she was about 16 years of age the husband of Jane Johnston died testate, having devised all his property to his wife, the said Jane Johnston; shortly after said death the said Jane Johnston entered into an agreement with Mamie Johnson that if she would remain with her and continue to perform the household and domestic duties she had been performing until the death of the said Jane Johnston she would devise to her the home in which they were living, which was the property in controversy; that the said Jane Johnston owned other real estate and prop-

erty besides the home place; that Mamie Johnson agreed to do this, and, in pursuance of such agreement, she stayed in the home of the said Jane Johnston and performed all of the duties pertaining to the household as well as being a companion to the said Jane Johnston; that at the time of the agreement her two sons, the appellees, were living away from home; that when she was about 21 years of age she married appellant John S. Johnson, and that for a short period of time following said marriage, and with the consent of the said Jane Johnston, she and her husband moved to another house near the home of Jane Johnston, but that while living in this house she continued to perform all the duties owing to the said Jane Johnston under the aforesaid agreement, and that afterwards they again moved into the house, at the request and instance of Jane Johnston, and remained in said house up until the time of the death of the said Jane Johnston, and continued to perform all the duties and work required of her under said agreement until the death of said Jane Johnston; that in addition to this she and her husband, with the consent of Jane Johnston, made valuable improvements on the place in the way of adding a porch, building a fence, repapering and repainting the house, etc.; that the reasonable value of the services rendered by Mamie Johnson to Jane Johnston after this agreement was in excess of the value of the premises in controversy; that by reason of this agreement and the performance of its terms by appellant Mamie Johnson there was a contract fully executed on the part of Mamie Johnson for the devise to her of the land in controversy, and that, as Jane Johnston died intestate and without having performed her part, she was entitled to specific performance of said contract as against appellees as the heirs of the said Jane Johnston.

The second count alleges an oral agreement to convey the land to Mamie Johnson by Jane Johnston on the same consideration and paid in the same manner as alleged in the preceding count. She also alleges the value of the improvements made in good faith, alleges the delivery of possession of the place to appellants by the said Jane Johnston in pursuance of said oral agreement to convey, and alleges that the improvements were made, the services rendered, and the possession surrendered and taken in pursuance of such oral agreement to convey the land by Jane Johnston during her lifetime, and on the belief that this oral agreement would be carried out.

[2] The allegations as briefly detailed above show a legal agreement at a time when Jane Johnston could make a valid agreement, fully performed on the part of Mamie Johnson, sufficient to bind the property made the subject of her agreement, and, as Jane Johnston died without devising the property

to Mamie Johnson, it can be enforced, if established, against her heirs and against the property. It follows that the court erred in sustaining an exception to this count in appellants' answer and cross-bill. Jordan v. Abney, 97 Tex. 296, 78 S. W. 486.

[3] The second count, in which is alleged an oral agreement for the conveyance of land, contains all the necessary elements to make a binding and enforceable oral agreement for such a conveyance. First, it is shown that the entire consideration agreed to be performed by Mamie Johnson was performed; second, it was shown that possession was delivered by Jane Johnston to appellant Mamie Johnson; third, it was shown that, in pursuance of this agreement, valuable and permanent improvements upon the land were made with the consent of Jane Johnston. The court erred in ruling that this did not state a cause of action to enforce specific performance of the conveyance of land. Hooks v. Bridgewater, 111 Tex. 122, 229 S. W. 1114, 15 A. L. R. 216.

The allegations of the answer in reference to a contract entered into between the father of Mamie Johnson and the husband of Jane Johnston do not state any defense to appellees' suit or any ground for affirmative relief on the part of appellants, and there was no error in sustaining an exception to such allegations. The allegations as to the value of the services of Mamie Johnson in the home of Jane Johnston and her husband previous to the alleged agreement above discussed cannot be considered as a part of the consideration of said agreement, but the services performed during this time are pertinent in showing the motive of Jane Johnston in making such an agreement and in giving the history of the relation between the parties before the agreement was made.

[4] It is urged by appellees that, even if all of the equitable defenses set out in the two counts of appellants' answer were stricken out by exception, proof of such defenses could have been made under a plea of not guilty, and, as appellees were left free to avail themselves of these defenses, the error of the court in sustaining the exception was harmless. To this we do not agree. It is true that as a mere defense, all equitable defenses can be proven under a plea of not guilty without a special plea setting them up, but this rule does not apply where through such equitable defenses the defendant in such a suit is seeking affirmative relief. The rule is well settled that, where affirmative relief is thus sought by a defendant in a suit in the form of trespass to try title, such relief can only be given in response to a special plea setting up the grounds made the basis for same. Matthews v. Moses, 21 Tex. Civ. App. 494, 52 S. W. 113; Fuller v. O'Neill, 69 Tex. 349, 6 S. W. 181, 5 Am. St. Rep. 59.

The ruling of the court striking out these special defenses and these pleas for affirmative relief could be treated by appellants as notice that no evidence tending to establish such defenses would be received by the court, and it was not necessary for appellants, under the record, to go through the form of offering the evidence in order to preserve their rights on this appeal. Such a course would unnecessarily incumber the record.

For the errors pointed out, the cause is reversed and remanded.

### On Motion for Rehearing.

Appellees, in their motion for rehearing, call attention to an error in the original opinion in stating the pleadings of appellants, in that it was erroneously stated in said opinion that the said pleadings contained a specific allegation that the improvements made by appellants on the property in controversy were made with the consent of Jane Johnston. A careful examination of the pleadings discloses that this specific allegation was not made. We are, however, of the opinion that the legal effect of the pleadings of appellant is that such improvements were made both with the knowledge and consent of the said Jane Johnston. With this correction, the motion for rehearing is overruled.

Overruled.