## JOHN BERRY v. JAMES YOUNG.

Where one of two minor brothers died, and the guardian of the survivor who was sole heir to the deceased, obtained an order of sale and sold property to pay debts of the deceased, it was held, on objection that administration should have been opened on the estate of the deceased, &c., that it would have been a useless expense ; and the sale was sustained.

Where an order for the sale of minor's property required five hundred acres to be surveyed out of a certain tract, to commence at the river, on the lower line of the league and run out for quantity, in the form of a square, so as not to interfere with the farm at present occupied by Mr. Side, and to be then advertised and sold ; and in pursuance of said order the guardian caused a square of five hundred acres to be surveyed on the lower line of the league, commencing about a mile and a half from the river ; and it was proved that a square of five hundred acres could not have been obtained, commencing at the river, without interfering with the farm occupied by Mr. Side ; and the sale was regularly confirmed ; the Court, in an action for the recovery of the land, brought by the minor, after coming of age, against the purchaser, refused to pronounce the sale invalid.

See this case as to fraud in probate sales.


Error from Fayette. John F. Berry (the father of plaintiff) died in Colorado county, leaving a widow and two children, James and John. He also left a large estate, amongst which was a league of land situated in Fayette county, originally granted to said Berry. After the death of Berry, one Leander Beason obtained letters of guardianship of the persons and property of the two minors, James and John ; subsequent to which the widow died and soon afterwards James died also, leaving John (the plaintiff) the only surviving member of the family. In the year 1850, (after the death of James,) the guardian, Beason, petitioned the County Court of Colorado county, for the sale of a part of the league of land before mentioned, to pay the debts of his deceased ward James Berry. The petition was granted and the order made authorizing the sale of five hundred acres off of said league ; the survey to begin " at

"the lower line of said Berry league and run out from the "river, sufficiently far to obtain the necessary number of acres, "as near as may be, in a square figure, so as not to interfere "with the farm at present occupied by Mr. Side."

The order required the survey to be first made, and the land to be advertised and sold.

The return of the sale was to the effect that the guardian had in pursuance of the order sold "five hundred acres of land "granted to John F. Berry, deceased, by the Government of "Mexico, situated and being in Fayette county, on the east side "of the Colorado river, and about a mile and a half north of "said river, at which sale James Young, of Fayette county, "became the purchaser, he being the highest and best bidder, "having bid the sum of $380." Sale confirmed 29th July, 1850, and order for deed to Young.

It was proved that the five hundred acres could not have been taken in the form of a square, to commence at the river, without interfering with Side's farm; and that the land sold was surveyed in the form of a square, commencing about a mile and a half from the river, on the lower line of the league.

This suit was brought in the District Court, by the appellant, against Young, to recover the land and cancel the deed from Beason. The petition alleged illegality and fraud. The answer alleged good faith, and the payment of $420 to the guardian, which the latter required, and that the same was paid for plaintiff's use; alleged valuable improvements, &c. The only evidence suggestive of fraud was the evidence of one witness, who said he saw Young pay Beason $800 for the land. It did not appear from the statement of facts who introduced this witness. It was proved that the land between that sold and the river was the most valuable.

*Sayles & Blanton*, for plaintiff in error.

*W. G. Webb* and *J. T. Harcourt*, and *G. W. Smith*, for defendant in error.

Berry v. Young.

WHEELER, J. The objections to the judgment bring in question the validity of the sale made by order of the Probate Court; and the conformity of the verdict to the evidence, on the question of fraud.

It is objected that the Court had no authority to order a sale of the property by the guardian, to pay a debt of his deceased ward, without administration on his estate. The present plaintiff, however, surviving, became sole heir of the estate. It was greatly more than sufficient to satisfy the debt. The estate descended to him, incumbered with the debt. It was a charge upon the estate; and may be said to have become relatively the debt of the plaintiff. It was a charge upon the estate in the hands of his guardian, which estate he inherited, and now claims. Under these circumstances, we do not think it was necessary for the guardian to run the estate to the expense of an administration, to obtain authority to pay the debt, and discharge from liability the property of his ward. Nor do we think the latter can complain that his estate was not subjected to that needless expense.

There may be some doubt as to the conformity of the sale to the order of the Probate Court. The most obvious construction of the language of the order would, perhaps, be, that the survey of the land to be sold, should commence at the river. It, however, is susceptible of a different construction; and it is evident the Probate Court construed it differently, when it confirmed the sale, the report of the sale, showing that the land was about a mile and a half from the river. It is most likely that the land sold, was that to which the order was intended to apply; and that the sale was in fact, in accordance with the intention of the Court, and the party obtaining the order. As the order was susceptible of that construction; as it was so understood and acted on, and the sale was confirmed by the Probate Court; and as no injury resulted to the estate of the plaintiff by reason of the mistake or misconstruction of the terms of the order, (if there was any mistake or misconstruction of its true import,) the land sold being of less value

than that which would have been sold, if the order had been construed as the plaintiff now insists it should be, we cannot say that the Court erred in not holding the sale void, as not having been made in conformity to the order of the Probate Court. Indeed the Court below appears to have agreed with the Probate Court in its construction of the order ; and, considered with the evidence respecting the locality of the land, the situation of the farm of Mr. Side, referred to in the order, and the form in which the land was to be surveyed, it is not entirely clear that it was not the correct construction.

The question of fraud in the sale was fairly left to the decision of the jury, by the charge of the Court. They were told expressly, that if they found from the evidence, that the defendant had been guilty of fraud and collusion with the guardian, Beason, in procuring the sale and conveyance of the land, they would find for the plaintiff. The finding of the jury negatives the fraud, as to the defendant. And we cannot say that it is so contrary to the evidence, as to warrant this Court in reversing the judgment of the Court below refusing to set it aside on that ground. For aught that appears, the guardian may have accounted to the plaintiff for the excess paid above that bid by the defendant ; and the latter may have paid that excess, in the confidence that he would so account. If the guardian had been made a party, and had not shown that he accounted, or if it had been shown that he had not, in fact, accounted to the plaintiff for the purchase money received, it certainly would have required convincing proof to exculpate the defendant, thus dealing with the guardian in respect to the property of his ward. The transaction bears certainly a very suspicious appearance. But the failure to produce other evidence, which, if it were really fraudulent, it must have been easy to procure, left the jury at liberty to draw such inferences, and adopt such conclusion, as were most favorable to fairness and innocency on the part of the defendant. If the guardian has not accounted, he certainly is liable to account; and if the

plaintiff has sustained any injury by reason of his wrongful or fraudulent acts, he, of course, is liable to make reparation. But however suspicious the conduct of the defendant may appear, the proof of his participancy in a fraud practiced upon the plaintiff, is not of so convincing and conclusive a character as to warrant a reversal of the judgment on that ground. And upon the whole, we are of opinion that there is no error in the judgment, and it is affirmed.

Judgment affirmed.