KIRBY LUMBER CO. v. HARDY.    (No. 18.)

(Court of Civil Appeals of Texas.    Beaumont.
Jan. 6, 1916.)

TRIAL ☞234 — INSTRUCTIONS — REQUIRING
JURY TO FIND AS TO SPECIFIED FACTS.

Where there was testimony in a negligence
case which, if believed by the jury, would have
entitled them to find for the defendant on ac-
count of contributory negligence, it was error for
the court to refuse to give a special instruction
requested by the defendant affirmatively requir-
ing the jury to find whether the evidence estab-
lished the existence of a specified group of facts
which, if true, would in law establish his plea.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 534–538, 566; Dec. Dig. ☞234.]

Appeal from District Court, Jasper Coun-
ty; A. E. Davis, Judge.

Action by W. A. Hardy against the Kirby
Lumber Company. From a verdict for the
plaintiff, the defendant appeals. Reversed
and remanded for a new trial.

Andrews, Streetman, Burns & Logue, of
Houston, for appellant. Powell & Huffman,
of Jasper, for appellee.

BROOKE, J. This suit was brought in
the district court of Jasper county, Tex., by
W. A. Hardy, as plaintiff, against the Kirby
Lumber Company, as defendant, to recover
damages for personal injuries alleged to have
been sustained by him on or about the 13th
day of November, 1912, while in the employ
of the Kirby Lumber Company in the logging
branch of its business. The jury before
whom the case was tried returned their ver-
dict for plaintiff in the sum of $4,000, and
judgment was accordingly rendered thereon
in plaintiff's favor.

The Kirby Lumber Company duly filed its
original motion for new trial, and thereafter
its first amended original motion for new tri-
al, which was by the court overruled. To the
ruling of the court last mentioned the Kirby
Lumber Company in open court duly except-
ed and gave notice of appeal to the Court of
Civil Appeals at Galveston, and thereafter
filed its supersedeas bond, and perfected its
appeal to that court, and the cause was trans-
ferred to this court, and is now before us for
adjudication.

The plaintiff was employed by the Kirby
Lumber Company as a grabsetter. His place
of work was in the woods, where the logs
which had been cut were being carried or
dragged by means of log carts, to the tram-
road for loading on the cars and transporta-
tion to the mill. These log carts are of skele-
ton construction, consisting mainly of two
wheels, an axle, a slip tongue, a lever, and a
set of grabs or hooks. The wheels are about
eight feet in diameter, while the distance be-
tween the wheel, or the length of the axle, is
about six feet. The grabs, or hooks, hang mid-
way between the wheels. The slip tongue con-
trols the grabs. When the tongue is slipped
back in the groove in which it works, the grabs

are let down to the log, and when the tongue
is pulled forward, the grabs are raised. In
order to move a log, the log is straddled by
the wheels, and the grabs are then let down
and hooked by the grabsetter near the center,
but slightly towards the front, or team end,
of the log. The team is then started forward,
and while the cart wheels remain stationary,
the log, by means of the slip tongue, is raised
from the ground and suspended under the
axle, nearly balanced, with the back end
touching the ground and the front or team
end clear of the ground.

On the occasion of the accident, which oc-
curred about 5 o'clock in the afternoon, the
cart team, consisting of four mules, was pull-
ing a log cart and a log about 24 inches in
diameter up an incline, when it became stall-
ed. The woods foreman, Mr. Sheffield, com-
ing up and finding the team stalled, proceed-
ed to assist in, or direct, the work of getting
the log up the hill. He, himself, put a chock
or skotch under the right-hand wheel, and
he directed the plaintiff to put one under
the left-hand wheel. The cart team was
caused to pull alternately to the right and
left, and when it would move the right wheel,
Mr. Sheffield would move his chock up, and
when it would move the left wheel, the plain-
tiff would move his chock. The process re-
sulted in a considerable hole being worked in
the ground by the alternate movement from
right to left of the wheels, and the cart team
was unable to get the log up the hill. The
team was then backed, slipping the tongue
backwards and letting the log to the ground,
and with the log on the ground and released
from the cart, the cart was moved, or jump-
ed, forward out of the hole. The cart team
then pulled the cart forward and again rais-
ed the front end of the log from the ground,
suspending the log under the axle and be-
tween the wheels. Mr. Sheffield, in the mean-
time, directed the driver of a bunching team,
consisting of two mules, to hitch his team
onto the front end of the log. The bunching
team was equipped with single trees, a double
tree, a chain attached to the double tree, and
a pair of tongs or grabs attached to the
chain; the team being used to bunch the logs
together in the woods. The bunching team
was brought up to the right-hand side of the
cart mules and hitched onto the log by fast-
ening the tongs to the front end of the log;
the front end of the log being at an angle
to the left of the bunching team. When this
was done and the teams pulled forward, the
back end of the log was caused to swing
around towards the left-hand cart wheel.
The plaintiff's claim was that just as the cart
moved, some one, whom he took to be Mr.
Sheffield, halloaed to him to take up his chock,
and that as he stooped to do this he was in-
jured by the aforesaid movement of the log.

The grounds of negligence charged in plain-
tiff's petition and relied upon for a recovery

are as follows: (1) That the defendant negligently and carelessly hitched the bunching team to the front end of the log instead of to the cart in front of the cart team. (2) That the defendant negligently and carelessly failed to place a check line on the bunching team to prevent it from pulling crosswise. (3) That the place where plaintiff was required to work was dangerous and unsafe when teams were hitched both to the cart and the front end of the log, and that defendant was negligent in requiring plaintiff to work in such dangerous and unsafe place, in that the defendant failed to use reasonable or ordinary care to provide a safe place or a reasonably safe place for plaintiff to work in. (4) That plaintiff was inexperienced in the work he was doing and did not know of the danger of the log being pulled over against him, and that the defendant in no manner or way notified him, or caused him to be notified, of such danger.

The defendant's pleading was: (1) That the fact that the bunching team was hitched to the front end of the log and that there was no check line on said team were known to plaintiff, or must necessarily have been known to him by the exercise on his part of ordinary care, and that the risks and dangers arising therefrom were fully known to and appreciated by him; he being a man of mature years, and being present where the work was being performed and able to see with his own eyes and hear with his own ears what was then and there taking place; and that said facts were open, apparent, and visible to him, and the risks and dangers thereof assumed by him. (2) That the manner in which the bunching team was hitched to the log and the manner in which the log was moved was in all respects a proper, usual, and customary method of doing said work; that in the operation of moving the logs from place to place, whether pulled by a cart team alone or by a cart team and bunching team, the logs would, as a usual, customary, and frequent thing, move from side to side so that any one near the same might be caught or injured thereby, unless a sufficient distance therefrom to be out of the way of such movements; that the risk and danger from movements of the log were incident to the work and fully known to and appreciated by the plaintiff, and that such risk and danger were by plaintiff assumed. (3) That if the plaintiff's place of work was unsafe by reason of the manner in which the teams were hitched to the cart and log, nevertheless it was apparent to plaintiff that the team was hitched to the log and he could see that such was true, and the risks and dangers arising therefrom were open, apparent, and visible to him, and were in all things assumed by him. (4) That plaintiff was guilty of contributory negligence for the reason that, instead of getting out of the way of the log as he could and should have done, he carelessly permitted the log to strike him, when before it was moved he could have stepped to a place of safety and gotten entirely out of the way of danger. (5) That if, as alleged by plaintiff, the log in question was turned to the side or crosswise and such was the result of any negligence upon the part of the driver of the bunching team or the driver of the cart team, such negligence was that of plaintiff's fellow servant.

We shall not discuss the various assignments of error that are relied upon by the appellant for a reversal of this cause, save and except the thirteenth assignment, a consideration of which will dispose of the case.

By said assignment appellant claims that the court erred to the prejudice of the defendant in failing and refusing to give, in charging the jury, defendant's special charge No. 3, requested by it, and reading as follows, to wit:

"Gentlemen of the Jury: You are charged in this case, that if you believe from the evidence that the plaintiff, W. A. Hardy, upon the occasion in question, saw the bunching team being hitched to the log in question, and knew that said bunching team was hitched thereto, and you further believe from the evidence that the said W. A. Hardy then and there knew that when said bunching team pulled on said log, the said log would be turned or caused to swing towards the left-hand wheel of the cart, or if you believe that said W. A. Hardy, in the exercise of ordinary care on his part, must necessarily have known that when said bunching team pulled on said log the said log would thereby be caused to turn or swing towards said left-hand cart wheel, then and in such event you are charged that the said Hardy then and there assumed the risk of being injured by said log, and your verdict must in such event be in favor of the defendant, Kirby Lumber Company."

Appellant claims that it was entitled to demand the giving of a charge affirmatively requiring the jury to find whether the evidence establishes the existence of a specified group of facts, which, if true, would in law establish his plea, and instructing them that if they find such group of facts proven, to find in its favor.

The charge of the court in many particulars might justly be said to be open to much of the criticism directed against it. That portion of the charge complained of is as follows:

"(1) And you further believe from the evidence that in hitching the said team to the said log in the manner and way it was hitched was negligence on the part of the defendant in so hitching and pulling said log.

"(2) And you further believe from the evidence that in hitching the bunching team to the log which was suspended between the wheels increased the danger, if any, and made the place in which the said Hardy had to work in order to scotch the wheel * * * more dangerous and hazardous.

"(3) And you further believe from the evidence that by reason of hitching the team to the front end of the log to assist the main team to pull the same, in the way and manner it was hitched to said log, and causing said teams to pull said log, was negligence on the part of the defendant.

"(4) And in so hitching to and pulling said log as aforesaid was the proximate cause of the injury.

"(5) And you further believe from the evidence that at the time the team was ordered to pull

183 S.W.—6

the said log the said Tom Sheffield knew, or by the use of ordinary care and diligence ought to have known, that the plaintiff was scotching the said wheel * * * and in a dangerous position * * * and· he failed to warn him of the danger.

"(6) And if you believe that said defendant in moving said log from said position * * * under all the evidence before you was guilty of negligence.

"(7) Then you will find for plaintiff, provided you further find from the evidence that the negligence of the defendant, if any, was the proximate cause of the injuries to plaintiff."

It will be noted that the charge of the court nowhere undertakes to apply affirmatively the law to the evidence adduced in support of the plea of the defendant (appellant). It is said by Judge Denman, in the case of M., K. & T. Ry. Co. v. McGlamory, reported in 89 Tex. 639, 35 S. W. 1059, that:

"Defendants had the right to prepare and demand the giving of a charge requiring the jury to find whether the evidence established the existence of any specified group of facts which if true would in law establish such plea, and instructing them that if they found such group of facts to be established by the evidence, to find for defendants. And this would be true if proper charges had been asked as to each of the several special pleas of contributory negligence presented by the record. Any other rule would deprive litigants of their right to have the court explain to the jury the principles of law applicable to the very facts constituting a cause of action or defense so that they may intelligently pass upon the various complicated issues frequently presented for their determination in one case under our practice. Railway Co. v. Shieder, 88 Tex. 166 [30 S. W. 902, 28 L. R. A. 538].

"This rule does not permit a litigant to annoy the court or confuse the jury by special charges upon the weight of or giving prominence to each circumstance introduced tending to support his cause of action or defense, but requires him at his peril to present in such special charge for the consideration of the jury a fact or group of facts which, if found by them from the evidence to be true, establishes, in law some material issue presented by the pleading."

Judge Williams, in the case of St. L. S. W. Ry. Co. of Texas v. Hall, 98 Tex. 488, 85 S. W. 790, used the following language:

"As we have stated, there was no instruction given affirmatively calling to the attention of the jury any view of the facts which would acquit the defendant of liability, except that upon the subject of contributory negligence. That a party is entitled, when he requested by correct instructions, to have the facts establishing his cause of action or ground of defense, with the law applicable to them, affirmatively stated by the court to the jury, is the settled rule of practice established by many decisions of this court. Texas T. Ry. Co. v. Ayres, 83 Tex. 269 [18 S. W. 684]; M., K. & T. Ry. Co. v. McGlamory, 89 Tex. 639 [35 S. W. 1058]. It is no answer to a complaint that this was not done that the jury might negatively have inferred the proposition expressed· in the request from the instructions stating the case of the opposite party. The right is, upon proper request, to have the law plainly and affirmatively stated in its application to facts supported by evidence under which the party would be entitled to a verdict. The instruction in question was applicable to a view of the evidence which the jury might have taken, and the rule on the subject required that it be given, if it truly stated the law. We are unable to see wherein it is incorrect. It refers, it is true, to particular facts, but submits to the jury whether or not those facts existed, and constituted negligence on the part of the defendant. It has no reference to the question of negligence on the part of plaintiff, and lays down no rule on that subject, but merely seeks an appropriate instruction on the question of defendant's negligence."

From the facts in the instant case, we are of opinion that it was error in the court to refuse to give the special instruction asked by the defendant, as there was testimony, which, if believed by the jury would have entitled them to find for the defendant. We sustain this assignment.

The case will have to be tried again, and we have therefore refrained from any comment upon the testimony. The case is therefore reversed and remanded for a new trial.