TEXAS & N. O. R. CO. v. McALLISTER.
(No. 58.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 27, 1916. Rehearing Denied Feb. 23, 1916.)

1. CARRIERS ⬅381—EJECTING PASSENGER—PROVOCATION—MITIGATING DAMAGES.

In plaintiff passenger's suit against defendant railroad to recover for excessive force used by defendant's conductor in ejecting him from a train, where plaintiff's indecent offensive language incensed the conductor so that he was provoked into using such extra force, defendant was entitled to have such provocation considered by the jury in mitigation of damages.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1473–1476, 1479–1482; Dec. Dig. ⬅381.]

2. TRIAL ⬅260 — PASSENGER — PROVOKING CONDUCTOR — RIGHT TO SPECIAL INSTRUCTIONS.

In such action defendant was entitled to its requested instruction grouping the facts upon which it relied as entitling it to such mitigation, notwithstanding that the court's general charge might in a general way lay down the rule of law applicable thereto.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ⬅260.]

Appeal from Tyler County Court; Tom F. Coleman, Judge.

Action by D. L. McAllister against the Texas & New Orleans Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed.

Hightower, Orgain & Butler, of Beaumont, Thomas & Wheat, of Woodville, and Baker, Botts, Parker & Garwood, of Houston, for appellant. Mooney & Shivers, of Woodville, for appellee.

BROOKE, J. This was a suit brought by D. L. McAllister, plaintiff below, against the Texas & New Orleans Railroad Company, defendant below, in which the plaintiff sought to recover damages, both actual and exemplary, claimed to have been sustained by him in consequence of his being wrongfully and forcibly ejected from one of defendant's pas-

senger trains while a passenger thereon, about the 7th day of June, 1913.

Plaintiff's second amended original petition, on which he went to trial, alleged, in substance, that he boarded defendant's passenger train at Kountze, in Hardin county, Tex., intending to be carried and transported as a passenger thereon to Woodville, in Tyler county, Tex., and that he paid the usual and proper fare for a passenger, and was entitled to be carried as such passenger to his said place of destination, but that just after passing the station of Village Mills, on defendant's line of railway, defendant's conductor, one Carl Guynes, came to plaintiff, and in a violent, angry, threatening, abusive, and oppressive manner, ordered plaintiff from said train, and wrongfully, unlawfully, forcibly, and maliciously ejected plaintiff from said train.

Plaintiff further alleged that while a passenger on said train, and prior to such ejection by defendant's conductor, he (plaintiff) behaved and conducted himself in a quiet, peaceable, orderly, and gentlemanly manner. Plaintiff also alleged that defendant's said conductor, when he came to eject plaintiff, grabbed hold of plaintiff's arm with great violence, which caused plaintiff physical pain and suffering; that plaintiff was jerked from his seat and led down the aisle of the car in the presence of passengers, and that when the door of the car was reached, defendant's said conductor, over the protest of plaintiff, pushed and shoved plaintiff from said car with great and unnecessary violence.

Plaintiff further alleged that he was greatly humiliated and embarrassed, and suffered mental pain and anguish in consequence of such ejection. Plaintiff further alleged that defendant, after being informed in the premises, and well knowing of plaintiff's being ejected from the train, and the manner thereof, and a breach of its said contract with plaintiff, and being apprised of the willful, malicious and unlawful conduct of said conductor, Guynes, continued said conductor in its employ, and ratified, approved, and confirmed the acts and conduct of the said conductor in ejecting plaintiff from said train and the manner thereof.

Defendant, by its first amended original answer, on which it went to trial, denied generally all the allegations of plaintiff's petition, to the effect that plaintiff was wrongfully ejected from defendant's said train on the occasion in question, and alleged, in substance, that plaintiff was ejected from its train by its conductor after said train had reached Village Mills, for the reason that plaintiff was guilty of misconduct, and used abusive, vulgar, and indecent language in the presence and hearing of other passengers upon defendant's said train at said time, and was cursing and drinking, and was engaged in general bad conduct, and that plaintiff used insulting and abusive remarks to and applied to defendant's conductor and train-

men indecent and vulgar language and opprobrious epithets, and that in consequence and on account of such language and conduct, defendant's conductor ejected plaintiff from said train.

The case was submitted to a jury on a general charge by the court, and resulted in a verdict in favor of plaintiff in the sum of $362.50.

Defendant filed its original motion, and its amended motion for new trial. The same was overruled by the court, to which defendant objected, and gave notice of appeal, and this cause is before this court upon assignments of error filed by the defendant.

[1] We shall not consider anything except the appellant's second assignment of error, as upon that rests the decision of this case.

The said assignment is as follows:

"The court erred to the prejudice of defendant in failing and refusing to give to the jury special charge No. 7, requested by defendant, which was as follows: 'If the jury shall believe from a preponderance of the evidence that defendant's conductor, in ejecting plaintiff from said train, used more force than was necessary to accomplish said ejection, yet if the jury further believe that the plaintiff, at the time of such ejection, or immediately before, used vile and indecent language to defendant's conductor, calling, if he did, defendant's conductor a "son of a bitch," or words to that effect, and that defendant's conductor, in using such extra force, if he did, did so because he was provoked and incensed by such language used by plaintiff to him, if any, then in assessing the actual damages in plaintiff's favor, you may take in consideration such language on the part of plaintiff towards defendant's conductor, if the same was used, and reduce such actual damages sustained by plaintiff by reason of such extra force, if any, to such sum as you may believe proper in consequence of such provocation offered to the defendant's conductor.'"

The said charge embodies a correct proposition of law, and should have been given. There is testimony in this record calling for such a charge. The identical question was passed on by Judge Fly in the case of H. & T. C. Ry. Co. v. Batchler, 32 Tex. Civ. App. 14, 73 S. W. 981. Prior to that time, it seems, the question was never directly passed on by the courts of Texas. The court says:

"It is argued by the courts holding that mitigation of damages cannot be allowed for words of provocation that, if they may mitigate, they may reduce the damages to a mere nominal sum, or even fully justify. We can readily conceive of cases of such outrageous provocation that should justify the reduction of damages for an assault to a nominal sum, and, were it not for the unbroken precedents, we would be inclined to go further and hold that it should preclude the assaulted party from recovery. An injured person is not permitted to recover damages when his negligence has contributed to his injury, no matter how negligent the party who inflicted the injury may have been; and when a man has, by his willful and inexcusable conduct, brought upon himself an assault, the jury should at least be permitted to consider such conduct in arriving at the amount of damages that should be awarded him.

"The criminal law recognizes human frailty under the influence of sudden passion arising from an adequate cause, and the punishment for assaults and batteries may be mitigated by

proof of insulting words, and the crime of murder reduced to a lower degree of homicide, and we can see no reason why damages brought about by the misconduct of a person should not be mitigated by proof of such misconduct.

"Railroads should be held to a strict accountability in the protection of passengers from the violence of their employés, and should be made to respond in damages for injury inflicted by such violence; but the passenger should not be licensed to trample upon the feelings and disregard the rights of the employés."

[2] In the second place, the defendant was entitled tô said instruction, and the grouping of the facts upon which he relied as a defense, notwithstanding the general charge of the court might, in a general way, give the rule of law applicable to such defense. This is well settled in the courts of this state. Ft. Worth & Denver Ry. Co. v. Alcorn, 178 S. W. 833; Yellow Pine Oil Company v. Noble, 101 Tex. 125, 105 S. W. 318; Railway Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; Railway Co. v. Hall, 98 Tex. 480, 85 S. W. 786; Kirby Lumber Company v. W. A. Hardy, 183 S. W. 80, recently decided by this court.

For the error complained of, this cause is reversed and remanded for a new trial.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes